Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7217 | **DATE** | January 17, 2002 |
| **CASE TITLE** | *Deborah Alexander vs. CIT Technology Financing Services, Inc.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court denies defendant's motion to dismiss Counts II and III of Plaintiff's complaint. [4-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 18 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| CW | courtroom deputy's initials | 02 JAN 17 PM 5:30 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 01CV7217 |
| v. | ) | Case No. ~~01 C 4673~~ |
| | ) | |
| CIT TECHNOLOGY FINANCING | ) | Judge James H. Alesia |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is defendant's motion to dismiss Counts II and III of plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court denies defendant's motion to dismiss.

## I. BACKGROUND

The following facts are taken from the complaint. The plaintiff, Deborah Alexander ("Alexander") is a female over forty years of age. Alexander was employed as a collector in July 1999 by New Court Financial Group and its successor, defendant CIT Technology Financing Services, Inc. ("CIT"). Alexander received satisfactory evaluations of her performance throughout the period she worked for CIT.

During her employment, a manager told her, "as old as you are, you should be a [sic] least a supervisor or something by now, you must be doing the wrong people. I mean the wrong thing." (Compl. at ¶ 13(a).) Also, when Alexander explained that her daughter was ill, a manager told her, "you are to [sic] old to come to work with that shit." (Compl. at ¶ 13(b).) In

addition, a manager told her, "I would like to take you home with me, but I don't do employees. I would have to fire you for the weekend. I can than [sic] take you home with me, because I have some 500mg Viagra and I want to see how it will work." (Compl. at ¶ 13(c).) Alexander complained to management, but to no avail. Her employment was terminated on February 21, 2001.

On March 9, 2001, Alexander filed a charge with the EEOC alleging retaliation and discrimination based upon her age and her sex. On August 10, 2001, Alexander received a right to sue letter from the EEOC. On September 18, 2001, Alexander filed a four-count complaint against CIT. Count I alleges that CIT harassed Alexander based on her sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Count II alleges that CIT discriminated against Alexander because of her age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 (the "ADEA"). Count III alleges that CIT wilfully violated the ADEA. Count IV alleges that CIT retaliated against her for complaining to a manager about sex and age discrimination and harassment, in violation of Title VII and the ADEA. CIT is now moving to dismiss Counts II and III of Alexander's complaint to the extent they seek recovery for age-based hostile work environment harassment. This court has subject-matter jurisdiction over Alexander's claims under 28 U.S.C. § 1331, as all four counts arise under federal law.

## II. DISCUSSION

### A. Standard for Deciding a Rule 12(b)(6) Motion to Dismiss

In addressing the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Stachon v. United Consumers Club, Inc.*,

229 F.3d 673, 675 (7th Cir. 2000); *Davis v. Quebecor World*, No. 01 C 8014, 2002 WL 27660, at *1 (N.D. Ill. Jan. 10, 2002). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test their sufficiency under the law. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a motion to dismiss, the court reads the complaint liberally, dismissing the complaint only if "it is impossible to prevail under any set of facts that could be proved consistent with the allegations." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). With these standards in mind, the court assesses the defendant's motion to dismiss.

### B. Age-Based Hostile Work Environment Harassment Under the ADEA

CIT argues that Counts II and III of Alexander's complaint should be dismissed to the extent they allege age-based hostile work environment harassment under the ADEA because, as a matter of law, such a claim is not recognized under the ADEA. Neither the Supreme Court nor the Seventh Circuit has directly resolved this issue; therefore, no precedent binds this court. In fact, the only Court of Appeals to directly resolve this issue is the Sixth Circuit. This court is persuaded by the rationale and conclusion of the Sixth Circuit. Also, the Seventh Circuit and its district courts – along with virtually every court outside the Seventh Circuit that has faced this issue – have consistently assumed that a hostile work environment claim is viable under the ADEA. Therefore, as stated below, this court finds that hostile work environment claims are valid under the ADEA.

#### 1. Sixth Circuit Authority

The Sixth Circuit is the only Court of Appeals that has decided unequivocally that hostile work environment claims are cognizable under the ADEA. In *Crawford v. Medina Gen. Hosp.*,

3

96 F.3d 830 (6th Cir. 1996), an employee alleged that her employer and supervisors discriminated against her in violation of the ADEA by creating a hostile working environment. *Id.* at 832. The district court disposed of the ADEA claim on summary judgment, reasoning that, although a hostile work environment claim was cognizable under the ADEA, the plaintiff had failed to prove her *prima facie* case. *Id.* at 833. The Sixth Circuit affirmed and concluded that it was "a relatively uncontroversial proposition that such a [hostile work environment] theory is viable under the ADEA." *Id.* at 834.

In applying the hostile work environment claim in the ADEA context, the Sixth Circuit highlighted the similarities between Title VII and the ADEA and concluded that the language of the ADEA, along with

> [t]he broad application of the hostile-environment doctrine in the Title VII context; the general similarity of purpose shared by Title VII and the ADEA; and the fact that the Title VII rationale for the doctrine is of equal force in the ADEA context, all counsel ... that a plaintiff may advance a hostile-environment claim under the ADEA.

*Id.* at 834.

This court agrees with the Sixth Circuit that recognition of the hostile work environment claim under the ADEA is consistent with the ADEA's purpose – to prohibit arbitrary discrimination. *See* 29 U.S.C. § 621(b). This court also agrees that the recognition of such a claim is consistent with the ADEA's relationship with Title VII and the general reliance on Title VII by the courts and the EEOC in developing and interpreting the ADEA's statutory protections. *See, e.g., Lorillard v. Pons*, 434 U.S. 575, 584 (1978) (noting the similarities between the two statutes and indicated that "the prohibitions of the ADEA were derived *in haec*

4

*verba* from Title VII."). Furthermore, there is virtually no difference between the ADEA and Title VII for purposes of liability. *Eggleston v. South Bend Cmty. Sch. Corp.*, 858 F. Supp. 841, 846 (N.D. Ind. 1994). Therefore, this court is persuaded by the rationale of the Sixth Circuit as well as its conclusion that hostile work environment claims are cognizable under the ADEA.

### 2. Seventh Circuit Authority

Unlike the Sixth Circuit, the Seventh Circuit has not expressly resolved this issue. However, in a series of recent cases, the Seventh Circuit consistently has assumed, without deciding, that plaintiffs may bring hostile work environment claims under the ADEA. *See Bennington v. Caterpillar Inc.*, No. 01-1361, — F.3d —, 2001 WL 1658833, at *4 (7th Cir. Dec. 28, 2001) (addressing the merits of a hostile environment claim under the ADEA, but not deciding whether such a claim is cognizable). *Accord Halloway v. Milwaukee County*, 180 F.3d 820, 827 (7th Cir. 1999). *See also Young v. Will County Dep't of Pub. Aid*, 882 F.2d 290, 294 (7th Cir. 1989) (addressing the merits of a hostile work environment claim based on age discrimination and recognizing that "hostile work environment claims in the context of age discrimination are rare ....").

Furthermore, all the district courts within the Seventh Circuit that have faced this issue have consistently addressed the merits of such claims, proceeding as if hostile work environment claims are viable under the ADEA. *See Swiech v. Gottlieb Mem. Hosp.*, No. 98 C 5749, 2000 WL 343244, at *6 (N.D. Ill. Mar. 31, 2000); *Rayburn-Duitman v. South Bend Tribune Corp.*, No. 3:97-CV-506RM, 2000 WL 552539, at *3 (N.D. Ind. Jan. 20, 2000); *Harris v. Univ. of Ill.*, No. 97 C 4783, 1999 WL 281346, at *13 (N.D. Ill. Mar. 31, 1999). Some district courts within the

Seventh Circuit have even gone so far as to hold explicitly that such claims are viable under the ADEA. *See, e.g., Chua v. St. Paul Fed. Bank for Sav.*, No. 95 C 2463, 1996 WL 312079, at *4 (N.D. Ill. June 7, 1996) (stating that "the ADEA may also prohibit an employer from engaging in ... age based harassment that creates a hostile working environment."); *Eggleston*, 858 F. Supp. at 847 ("This court finds that a claim based on a hostile environment is viable under the ADEA.").

There has been no indication – in the Seventh Circuit or elsewhere – that such a claim is not cognizable. This court uncovered only one case, *Burns v. AAF-McQuay, Inc.*, 980 F. Supp. 175 (W.D. Va. 1997), that suggested that a hostile work environment claim is not viable under the ADEA. However, on appeal, the Fourth Circuit affirmed on different grounds because – in contrast to the district court – it assumed, without deciding, that hostile work environment claims are cognizable under the ADEA. *Burns v. AAF-McQuay, Inc.*, 166 F.3d 292, 295 (4th Cir. 1999) (concluding that it "need not reach the question of whether this court would recognize a hostile environment claim under the ADEA given an adequate allegation of facts.").[1]

---

[1] In *Burns*, the plaintiff sought to amend her complaint to allege hostile work environment liability against her employer. *Burns*, 980 F. Supp. at 176. The district court denied her motion for leave to amend her complaint because "Fourth Circuit law does not recognize the applicability of Title VII's hostile work environment doctrine in age discrimination actions under the ADEA ...." *Id.* at 180. The sole issue on appeal was whether the district court abused its discretion in denying the plaintiff's motion to amend her complaint to include a hostile work environment claim. *Burns*, 166 F.3d at 293-94. The Fourth Circuit affirmed the district court's decision, but not on the basis that a hostile work environment claim was not viable under the ADEA. Rather, the Fourth Circuit examined the merits and affirmed on the basis that, "even assuming that a plaintiff can sue for hostile environment under the ADEA, [the plaintiff] cannot state a viable hostile environment claim" because her supervisor's comments were not severe or pervasive enough to establish a *prima facie* hostile work environment claim. *Id.* at 294.

In addition to the Fourth Circuit, every other Court of Appeals that has faced this issue has either assumed or recognized that a hostile work environment claim is valid under the ADEA. *See, e.g., Rivera-Rodriguez v. Frito Lay Snacks Caribbean*, 265 F.3d 15, 24-25 (1st Cir. 2001) (stating that "[h]ostile-work-environment claims were first recognized in the sex-discrimination context, but have since been recognized for members of any protected class," and finding that, "[c]onsidering the totality of the circumstances, a reasonable jury could find that [the plaintiff] was subjected to a hostile work environment based on his age."); *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999) (recognizing the validity of a hostile work environment claim under the ADEA when it explained, "[t]he analysis of the hostile working environment theory of discrimination is the same under the ADEA as it is under Title VII.") (citing *Crawford*, 96 F.3d at 834); *EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244 (11th Cir. 1997) (addressing the merits of an ADEA hostile work environment claim but not deciding whether such claim is cognizable) (quoting *Crawford*, 96 F.3d at 834); *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991) (stating that a plaintiff may show a violation of the ADEA "by proving disparate treatment or disparate impact, or by proving the existence of a hostile work environment."). In assuming, without deciding, that a hostile work environment claim is valid under the ADEA, the Seventh Circuit has cited to many of these cases. *See Halloway*, 180 F.3d at 827 (citing *Crawford*, *Burns*, and *Massey*).

In sum, the combined weight of authority from the Seventh Circuit as well as the other circuits that have faced this issue persuades this court that a hostile work environment claim is valid under the ADEA. Thus, the court finds that Alexander's claim for hostile work

In addition to the Fourth Circuit, every other Court of Appeals that has faced this issue has either assumed or recognized that a hostile work environment claim is valid under the ADEA. *See, e.g., Rivera-Rodriguez v. Frito Lay Snacks Caribbean*, 265 F.3d 15, 24-25 (1st Cir. 2001) (stating that "[h]ostile-work-environment claims were first recognized in the sex-discrimination context, but have since been recognized for members of any protected class," and finding that, "[c]onsidering the totality of the circumstances, a reasonable jury could find that [the plaintiff] was subjected to a hostile work environment based on his age."); *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999) (recognizing the validity of a hostile work environment claim under the ADEA when it explained, "[t]he analysis of the hostile working environment theory of discrimination is the same under the ADEA as it is under Title VII.") (citing *Crawford*, 96 F.3d at 834); *EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244 (11th Cir. 1997) (addressing the merits of an ADEA hostile work environment claim but not deciding whether such claim is cognizable) (quoting *Crawford*, 96 F.3d at 834); *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991) (stating that a plaintiff may show a violation of the ADEA "by proving disparate treatment or disparate impact, or by proving the existence of a hostile work environment."). In assuming, without deciding, that a hostile work environment claim is valid under the ADEA, the Seventh Circuit has cited to many of these cases. *See Halloway*, 180 F.3d at 827 (citing *Crawford*, *Burns*, and *Massey*).

In sum, the combined weight of authority from the Seventh Circuit as well as the other circuits that have faced this issue persuades this court that a hostile work environment claim is valid under the ADEA. Thus, the court finds that Alexander's claim for hostile work

environment is cognizable under the ADEA. Accordingly, the court denies CIT's motion to dismiss Counts II and III of Alexander's complaint.

### III. CONCLUSION

For the foregoing reasons, the court denies CIT's motion to dismiss Counts II and III of Alexander's complaint.

Date: **JAN 17 2002**

Judge James H. Alesia
United States District Court