Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7217 | **DATE** | October 22, 2002 |
| **CASE TITLE** | *Deborah Alexander vs. CIT Technology Financing Services, Inc.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court: (1) grants in part and denies in part defendant's bill of costs and (2) grants plaintiff's agreed motion to stay enforcement of costs. The clerk is directed to tax costs in the amount of $2,833.75.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



OCT 2 3 2002

DEBORAH ALEXANDER, )
)
Plaintiff, )
)
v. ) Case No. 01 C 7217
)
CIT TECHNOLOGY FINANCING ) Judge James H. Alesia
SERVICES, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On August 20, 2002, this court granted defendant's motion for summary judgment and entered final judgment in favor of defendant CIT Technology Financing Services, Inc. and against plaintiff Deborah Alexander. *Alexander v. CIT Tech. Fin. Servs., Inc.,* --- F. Supp. 2d ---, 2002 WL 1926122 (N.D. Ill. Aug. 20, 2002). Currently before the court are (1) defendant's bill of costs and (2) plaintiff's agreed motion to stay enforcement of costs. For the reasons set forth below, the court: (1) grants in part and denies in part defendant's bill of costs and (2) grants plaintiff's agreed motion to stay enforcement of costs.

### I. DISCUSSION

**A.  Background**

Rule 54(d) of the Federal Rules of Civil Procedure sets forth the general rule that costs other than attorneys' fees "'shall be allowed as of course to the prevailing party,'" except as otherwise provided by statute or in the rules. *Payne v. Milwaukee County,* 288 F.3d 1021, 1027 (7th Cir. 2002) (quoting FED. R. CIV. P. 54(d)). The proper measure of those costs is set forth

in 28 U.S.C. § 1920 ("§ 1920"). *Tidemann v. Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 726 (7th Cir. 2000). The costs explicitly allowed by § 1920 are: (1) the fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. § 1920. There is a heavy presumption in favor of awarding costs to the prevailing party. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed upon the losing party is recoverable, and (2) if so, whether the amount assessed for that item was reasonable. *Id.*

Defendant seeks recovery for the following in its bill of costs: (1) $1,776.90 for photocopying charges; (2) $3,629.95 for court reporting and transcription fees; (3) $481.68 for courier, postage, and delivery charges; (4) $924.80 for document subpoena fees and services; and (5) $50.00 for witness fees. Because all these costs are recoverable under § 1920, the court's only inquiry is whether the amount assessed for each item is reasonable. The court will review the reasonableness of each amount in turn.

**B.    Photocopying Costs**

Defendant seeks to recover $1,776.90 in photocopying charges in this case. Plaintiff argues that defendant is not entitled to recover these charges because it has failed to establish the number of documents copied, the rate per page, or for whose use the documents were copied.

As a general rule, a prevailing party can recover costs to photocopy "papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The language "for use in the case" refers to

materials actually prepared for use in presenting evidence to the court. *Teerling v. Fleetwood Motor Homes of Ind., Inc.*, No. 99 C 5926, 2001 WL 883699, at *2 (N.D. Ill. Aug. 2, 2001) (citing *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990)). This means that photocopying charges for discovery and the court's copies of documents can be awarded, but charges for copies made solely for attorney convenience cannot. *Teerling*, 2001 WL 883699, at *2.

Defendant has failed to provide any of the information necessary to allow the court to make a determination of whether the amount that defendant seeks to recover as photocopying charges is reasonable. Defendant has provided neither the number of pages copied nor the rate per page that it used to calculate its costs. Furthermore, defendant has not described the documents copied so as to allow the court to determine whether they were necessary for use in this case. Consequently, the court disallows the full $1,776.90 of defendant's photocopying costs. *See id.* (disallowing the full amount of copying costs sought because prevailing party had failed to demonstrate which documents were copied). *See also Place v. Abbott Labs., Inc.*, No. 94 C 5491, 1999 WL 569580, at *3 (N.D. Ill. July 30, 1999) ("The burden is on the party seeking reimbursement for photocopying costs to show that the photocopied items were necessary; if that party fails to meet that burden, the court should not award costs for those items.") Therefore, the court reduces defendant's bill of costs by $1,776.90.

C. **Court Reporting and Transcription Fees**

Defendants seek court reporting and transcription fees of $3,629.95. This includes: (1) court reporter fees and original transcripts for the depositions of Deborah Alexander

3

("Alexander"), Kendel Barry ("Barry"), and Tommy Dunbar ("Dunbar") and (2) copies of the depositions of Helen Griffin ("Griffin"), Anthony Rogers ("Rogers"), Samuel Buono ("Buono"), and Kaseem Harris ("Harris").

According to Local Rule 54.1(b), "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." LOC. R. 45.1(b). The Judicial Conference Rate allowed for original deposition transcripts is $3.00 per page, and the rate allowed for a transcript copy is $0.75 per page. VI. JUDICIAL CONFERENCE OF THE UNITED STATES GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS MANUAL, ch. 20, pt. 20.3 (1998) ("COURT REPORTERS MANUAL"). This fee covers all costs of transcript production. *Id.* at pt. 20.8. *See also Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) (summarizing the judicial conference rates applicable to various types of transcripts). The court will apply these rates to defendant's transcript costs in this case.

1.  **Depositions of Alexander, Barry, and Dunbar**

Defendant seeks costs related to the depositions of Alexander, Barry and Dunbar. The $1,210.15 defendant seeks in connection with Alexander's deposition includes a $332.50 court reporter appearance fee, the transcription of 243 pages at a rate of $3.55 per page, and $15.00 in shipping and handling. The $663.85 defendant seeks in connection with Barry's depositions includes a $118.75 appearance fee, the transcription of 114 pages at a rate of $4.65 per page, and $15.00 in shipping and handling. The $942.50 defendant seeks in connection with Dubar's

deposition includes a $166.25 appearance fee, transcription of 145 pages at $5.25 per page, and $15.00 in shipping and handling. Plaintiff objects to the court reporter appearance fees and the transcription rates. First, the court will review the reasonableness of the court reporter appearance fees. Second, the court will review the reasonableness of the transcription rates. Third, the court will review the reasonableness of the shipping charges.

First, the Seventh Circuit has held that a party may recover court reporter deposition attendance fees. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). However, in this case, defendant's exhibits do not indicate the number of hours spent by the court reporter or the hourly rate charged. Therefore, the court cannot evaluate whether the appearance fees charged by the court reporters were reasonable. Consequently, the court will disallow the court reporter appearance fees charged for the Alexander, Barry, and Dunbar depositions. *See Johnson v. City of Elgin*, No. 99 C 8288, 2002 WL 171971, at *3 (N.D. Ill. Feb. 1, 2002) (disallowing court reporter deposition appearance fees because party provided no evidence of number of hours spent or reporters' hourly rates). Accordingly, the court reduces the amounts sought for the Alexander, Barry, and Dunbar depositions as follows: (1) the costs sought for Alexander's deposition are reduced by $332.50; (2) the costs sought for Barry's deposition are reduced by $118.75; and (3) the costs sought for Dunbar's deposition are reduced by $166.25.

Second, as already explained, the Judicial Conference Rate allowed for original deposition transcripts is $3.00 per page. Defendant's bill of costs indicates that the transcription rates for the Alexander, Barry, and Dunbar depositions – all of which were transcribed by private court reporters – exceeded that rate. Defendant argues that the Judicial Conference rates apply

only to transcripts ordered from official court reporters and not private court reporters. However, the Seventh Circuit has rejected that argument and held that the Judicial Conference rates apply to deposition charges by private court reporters. *Cengr*, 135 F.3d at 456. Therefore, the court will apply the Judicial Conference rates to defendant's transcription costs, and finds that defendant is entitled to $729.00 for its transcript of the Alexander deposition and $435.00 for its transcript of the 195-page Dunbar deposition. Thus, the court reduces the cost for transcribing the 243-page Alexander deposition by $133.65 and reduces the cost for transcribing the Dunbar deposition by $326.25.

The rate charged for transcribing Barry's deposition also exceeds the Judicial Conference rate. However, the invoice indicates that defendant obtained an expedited copy of that transcript, and defendant argues that it was required to do so in order to file a timely motion for summary judgment with this court.[1] The court finds defendant's explanation sufficient to justify an expedited transcript of Barry's deposition. Therefore, the court will not reduce the transcription costs for that deposition.

Finally, defendant also seeks to recover for $15.00 of shipping and handling on each of the three transcripts. However, under the Judicial Conference guidelines, postage costs are considered ordinary business expenses that may not be charged in relation to obtaining transcripts. *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *2 (N.D. Ill. Mar. 15, 2002) (citing COURT REPORTERS MANUAL ch. 20, pt. 20.9.4). Therefore, the court

---

[1]Defendant makes no argument that it was entitled to expedited transcripts of the Alexander and Dunbar depositions, so as to justify the elevated transcription rates of those depositions.

reduces the amount that defendant seeks to recover for the transcripts of the Alexander, Barry, and Dunbar depositions by an additional $15.00 per deposition, or $45.00.

In summary, the court reduces the recoverable costs of the Alexander, Barry, and Dunbar deposition transcripts by $1,122.40. Defendant is entitled to recover $1,694.10 in costs related to these transcripts.

### 2. Depositions of Griffin, Rogers, Buono, and Harris

Defendant also seeks to recover the costs of copies of the deposition transcripts of Griffin, Rogers, Buono, and Harris.[2] As the court has already noted, *supra* Sect. I.C., the Judicial Conference rate for copies of deposition transcripts is $0.75 per page. Therefore, defendant is entitled to costs for copies of these four transcripts at that rate. Thus, defendant is entitled to: (1) $49.50 for its copy of the 66-page transcript of Griffin's deposition; (2) $55.50 for its copy of the 74-page transcript of Rogers's deposition; (3) $42.00 for its copy of the 56-page transcript of Buono's deposition; and (4) $15.75 for its copy of the 21-page transcript of Harris's deposition. Consequently, the court reduces defendant's costs as follows: (1) the cost of defendant's copy of Griffin's deposition transcript is reduced by $168.30; (2) the cost of defendant's copy of Rogers's deposition transcript is reduced by $188.70; (3) the cost of defendant's copy of Buono's deposition transcript is reduced by $142.80; and (4) the cost of defendant's copy of Harris's deposition transcript is reduced by $53.55.

---

[2]In its bill of costs, defendant does not indicate whether it is seeking to recover costs for original or copy transcripts of the depositions of Griffin, Rogers, Buono, and Harris. However, the billing information attached in Exhibit A to defendant's bill of costs indicates that defendant was billed for copies of these four deposition transcripts. Therefore, the court will apply the Judicial Conference rate for copy transcripts to these four items in defendant's bill of costs.

Additionally, defendant seeks to recover the costs of a condensed copy of Buono's deposition transcript. However, costs for condensed transcripts are not recoverable. *Winfery v. City of Chicago*, No. 96 C 1208, 2000 WL 1222152, at *2 (N.D. Ill. Aug. 22, 2000). Therefore, the $60.00 cost of a condensed transcript of Buono's deposition is disallowed and defendant's bill of costs is reduced accordingly.

Finally, defendant seeks $30.00 in delivery and preparation charges for the Griffin, Rogers, Buono, and Harris depositions. However, the court has already noted *supra* Sect. I.C.1., that those costs are deemed ordinary business expenses that cannot be recovered as part of the cost of obtaining deposition transcripts. Therefore, the court reduces defendant's bill of costs by an additional $30.00.

In summary, the court reduces the recoverable costs of the deposition copies of Griffin, Rogers, Buono, and Harris by $643.35. In total, therefore, the court reduces defendant's recoverable costs for transcripts and depositions by $1,765.75. Consequently, the court finds that defendant may recover $1,864.20 for court reporting and transcription fees.

### D. Courier, Postage and Delivery Charges

Defendant seeks to recover $481.68 in additional courier, postage and delivery charges. However, "[c]osts for postage and mail services have consistently been 'disallowed on the grounds that these expenses are generally considered overhead, or part of the cost of operating a law firm.'" *Moriarty v. Glueckert Funeral Home, Ltd.*, No. 95 C 2848, 1999 WL 162792, at *2 (N.D. Ill. Dec. 3, 1999) (quoting *Downes v. Volkswagen of Am.*, 41 F.3d 1132, 1144 (7th Cir.

1994)). Therefore, the court disallows the full $481.68 in courier, postage, and delivery charges and reduces the defendant's bill of costs accordingly.

E. **Document Subpoena Fees and Services**

Defendant seeks to recover $924.80 in "Document Subpoena Fees & Services." Plaintiff's argument that defendant is not entitled to service costs that exceed the fees of the Marshal's Service appears to assume that these costs were incurred through the service of process. Instead, this $924.80 is the total cost that defendant incurred in obtaining copies of plaintiff's medical and employment records.

As an initial matter, the court finds that plaintiff's medical and employment history was relevant to this case. Plaintiff raises no argument that any of these records were not necessary to this case. Therefore, the court will not reduce that $924.80 that defendant bills for obtaining those records.

F. **Witness Fee**

Defendant seeks to recover $50.00 for a witness fee for Barry. Plaintiff objects to the amount, arguing that the amount sought exceeds the permissible $40.00 witness fee under 28 U.S.C. § 1821.

Pursuant to 28 U.S.C. § 1821, a witness shall be paid an attendance fee of $40.00 per day. 28 U.S.C. § 1821(b). In addition, a witness is entitled to compensation for mileage traveled. 28 U.S.C. § 1821(c)(2). Compensation for mileage traveled is made on the basis of a rate established by the Administrator of General Services. *Id.* Currently, this rate is $0.365 per mile. 41 C.F.R. § 301-10.303.

Defendant states in its reply brief that Barry is entitled to $10.00 for his thirteen miles of travel to attend the deposition. Applying the current rate of $0.365 per mile to this situation, the court notes that a witness who travels 13 miles is entitled only to $4.75 in mileage fees. Therefore, the court reduces the mileage component of Barry's witness fee by $5.25.

In conclusion, the court awards defendant costs related to Barry's witness fee as follows: (1) the full $40.00 witness fee and (2) $4.75 in mileage compensation. Therefore, the court reduces the amount defendant seeks for Barry's witness fee by $5.25 – from $50.00 to $44.75. In sum, the court reduces defendant's bill of costs by a total of $4,029.55, and finds that defendant is entitled to costs in the amount of $2,833.75.

## II. CONCLUSION

For the foregoing reasons, the court: (1) grants in part and denies in part defendant's bill of costs and (2) grants plaintiff's agreed motion to stay enforcement of costs. Defendant is awarded the following costs: (1) $1,864.20 for court reporting and transcription fees; (2) $924.80 for document subpoena fees and services; and (3) $44.75 for a witness fee. The clerk is directed to tax total costs in the amount of $2,833.75. Plaintiff's agreed motion to stay enforcement of costs until resolution of plaintiff's appeal is granted.

Date: **OCT 22 2002**

James H. Alesia
United States District Judge